**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

4-UP CORP d/b/a Miami Lakes Perfumes
    Plaintiff,

v.                                          Case No.: _____

Westchester Surplus Lines Insurance Company,
d/b/a CHUBB
    Defendant.
_____/

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, 4-UP CORP d/b/a Miami Lakes Perfumes, ("PLAINTIFF") by and through the undersigned legal counsel, hereby sues the Defendant, Westchester Surplus Lines Insurance Company, d/b/a CHUBB ("CHUBB") and state and allege as follows:

**INTRODUCTION**

This is a cause of action for Declaratory Judgment pursuant to Florida Statute Chapter 86 and 28 U.S.C. §2201 et seq. with the purpose to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations of the Plaintiff and the Defendant under a Business Owner's Insurance/Commercial Protector policy, specifically Business Loss, Business Interruption and/or Business Income coverage.

**PARTIES, JURISDICTION AND VENUE**

1.    This is an action for damages exceeding $75,000.00, exclusive of attorney's fees, interest, and costs.

2.     At all times material hereto, the Plaintiff, 4-UP CORP d/b/a Miami Lakes Perfumes, ("4-UP") is a duly registered and active Florida Corporation with its principal place of business at 18600 NW 87th Avenue Suite 102, Hialeah, FL 33015. Upon information and belief 4-UP is a "citizen" of the State of Florida for the purposes of diversity jurisdiction.

3.     The Defendant, Westchester Surplus Lines Insurance Company, d/b/a CHUBB, ("CHUBB"), is a duly registered and active Indiana Corporation with its principal place of business at 500 Colonial Center Parkway, Suite 200, Roswell, Georgia 30076. Upon information and belief CHUBB is a "citizen" of the State of Georgia for the purposes of diversity jurisdiction.

4.     A substantial part of the acts, omissions, transactions, events, and occurrences described within this Complaint took place in this district.

5.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391(b) because (i) the Plaintiff reside in Miami-Dade County, Florida, and (ii) a substantial amount of all of the events giving rise to Plaintiffs' claims occurred in the Southern District.

## GENERAL ALLEGATIONS

6.     CHUBB underwrote subscribed, issued and delivered a Business Owners Insurance Policy/Commercial Protector, ("POLICY"), protecting PLAINTIFFS from all risks unless specifically excluded with a policy period from March 10th, 2020 to March 10th, 2021.

7.     PLAINTIFFS paid policy premiums.

8.     POLICY has been active during the policy period.

9.      The policy number issued is: FSF15744042

10.     A copy of the POLICY as provided by the insurance agent R-T Specialty, LLC is attached as Exhibit "A."

11.     The Description of Business ("BUSINESS") as found on the POLICY is: Perfume Store.

12. The Description of Location ("LOCATION") as found on Business Owners Policy Property Declarations is: 18600 NW 87th Ave., Suite 102, Hialeah, FL 33015.

13. The POLICY provides loss of Business Income and Extra Expense coverage.

14. The POLICY provides coverage for Civil Authority action.

15. The POLICY does not provide any exclusion due to loss, business or property, from a virus or global pandemic.

16. Based on information and belief, DEFENDANT have accepted the policy premiums with no intention of providing any coverage due to direct physical loss resulting for Civil Authority action.

17. On March 19, 2020, while the policy issued to PLAINTIFFS was in effect, Miami Dade County Mayor issued Miami-Dade County Emergency Order 07-20) ("ORDER"), see attached as Exhibit "B".

18. The ORDER closed all non-essential retail and commercial establishments.

19. 4-Up closed on or about March 19th, 2020 in compliance with the ORDER.

20. On April 1st, 2020, while the policy issued to PLAINTIFFS was in effect, Governor Ron Desantis ordered issued Executive Order 20-91, see attached as Exhibit "C".

21. The ORDER in part limits all people's movement ("Safer At Home") in Florida to essential activities and excludes non-essential businesses from operating if unable to maintain social distancing.

22. BUSINESS is a perfume store operating for over ten (10) years.

23. BUSINESS continues to comply with any existing ORDERS and any extensions thereof.

24. BUSINESS has suffered and continues to suffer business income loss.

25. The nature of the ORDER also requires BUSINESS to plan, pay and make changes to the LOCATION including remediation.

26. Upon suffering business income loss, BUSINESS immediately and properly filed a claim with DEFENDANT providing details surrounding the loss and allowing them the opportunity to investigate.

27. BUSINESS further requested that any and all benefits owed under the policy be paid.

28. DEFENDANT's issued Claim No.: KY20K2306304.

29. On May 1st, 2020, the DEFENDANT denied claim no.: KY20K2306304. See attached Exhibit "D".

30. The vast majority within the scientific community recognize that COVID-19 as a cause of physical loss and damage.

31. COVID-19 is physically impacting public and private property, and physical spaces.

32. COVID-19 is a deadly virus which physically infects and stays on surfaces, objects and materials, "fomites", for days and potentially weeks.

33. COVID-19 is also aerosolized and can live in the air for long periods of time.

34. Recognizing a new reality, BUSINESS will have to adapt and take action to past, present and/or future Orders, rules, regulations and/or statutes, (whether or not the LOCATION is actually comprised), in order to offer services.

35. For DEFEDANT to deny the new reality that the effect of past, present and/or future Orders, rules, regulations and/or statutes, (whether or not the LOCATION was, is or maybe comprised), does not cause physical loss and damage, would constitute a false and potentially fraudulent misrepresentation that could endanger policyholders and the public.

### Count I: Declaratory Judgment

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 of this Complaint.

37. All conditions precedent to this action have been performed, have been waived, or are excused.

38. PLAINTIFF is presently in genuine doubt and uncertain as to its

rights, status, and privileges, under the POLICY, specifically, its rights, status, and privileges and DEFENDANT's obligations to provide coverage for the losses stemming from the ORDER.

39. PLAINTIFF has a bona fide, actual and present need for a declaration and construction of the POLICY, its status, rights, and privileges, and DEFENDANT's obligation to provide coverage to PLAINTIFF under the POLICY, including its primary coverage and all coverage extensions, including the applicable coverage triggers under the policy.

40. PLAINTIFF has become obligated to retain counsel.

41. DEFENDANT is required to pay PLAINTIFF reasonable attorney's fees pursuant to F.S. 627.428.

**WHEREFORE,** PLAINTIFF requests that the court declare and construe the policy of insurance and enter its declaratory judgment as follows:

a. Declare that the POLICY issued by DEFENDANT provides coverage for the losses stemming from the ORDER including business operations for business income, extra expense, and all other coverage extensions up to the limits of the policy;

b. Grant further and supplementary relief based on the declaratory Judgment and after adjudication of the rights of the parties, when necessary and proper, and, after notice to DEFENDANT require DEFENDANT to show cause why further relief should not be granted; and

c. Enter final declaratory judgment in PLAINTIFF's favor and against DEFENDANT for all declaratory and supplemental relief within the declaratory jurisdiction of this court, including taxing costs of suit, prejudgment interest, and a reasonable attorney's fee as part of that declaratory judgment.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby requests trial by jury on all issues so triable.

Respectfully submitted,
Dated this May 15th, 2020.

**BLACK ROCK TRIAL LAWYERS**

By:_____
Gil Sanchez, Esq.
Counsel for Plaintiff
Florida Bar Number: 735981
201 S. Westland Ave.
Tampa, Florida 33606
(813) 254-1777 Office
(813) 254-3999 Facsimile
Primary: gil@blackrocklaw.com
Secondary: sabrina@blackrocklaw.com